**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| PASTICHE, LLC | CIVIL ACTION |
|---|---|
| VERSUS | NO. 09-2829 |
| JOHN SIPP AND NANCY SIPP | SECTION: "B"(5) |


<u>ORDER AND REASONS</u>

Before the Court is Defendants John and Nancy Sipp's, Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Rec. Doc. No. 5). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. No. 5) is **GRANTED.**


**BACKGROUND**

For approximately 20 years Ned Marshall individually performed interior design services for Defendants in New York. At the time Ned Marshall was living and doing business in the state of New York. During the course of the parties' business relationship, Ned Marshall relocated to New Orleans, Louisiana and formed the Plaintiff's business entity Pastiche, LLC on March 14, 2005. After the

move, Marshall and Defendants continued their business relationship, and as a result of the parties' pre-existing business relationship, Defendants continued to employ him to perform services in connection with two residences owned by Defendants in New York.  However, it is disputed as to whether Marshall was hired individually or as Pastiche, LLC.  No formal written contract was executed.

Over several months the parties' business relationship began to deteriorate.  Displeased with services provided by Plaintiff, Defendants filed suit in New York against Plaintiff in 2008.  Subsequently, Plaintiff filed the present suit in the Civil District Court for the Parish of Orleans in January 2009 to recover on unpaid invoices.  The case was subsequently removed to this Court based on diversity jurisdiction.  Defendants now request that the Court dismiss this action pursuant to Rule 12(b)(2).

**DISSCUSION**

When a nonresident defendant, like the Sipps, moves to dismiss for lack of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of this Court bears the burden of establishing it.  *Luv N' Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).  In order to establish personal jurisdiction, the plaintiff need only present a *prima facie* showing that the defendant has sufficient

contacts with Louisiana. *Id*.  The Court must accept as true all allegations in the complaint, resolving factual conflicts in favor of the plaintiff. *Id*.

A federal court may exercise jurisdiction over a nonresident defendant only if (1) the long-arm statute of the forum state confers personal jurisdiction over the defendant; and (2) the exercise of jurisdiction by the forum state is consistent with due process under the U.S. Constitution. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).  Given that Louisiana's long-arm statute is co-extensive with the limits of constitutional due process, this Court must decide whether this Court's exercise of jurisdiction over Defendants would offend the Due Process Clause of the Fourteenth Amendment. *Seatrepid Louisiana, LLC v. Richard Phillips Marine, Inc.*, 2009 U.S. Dist. LEXIS 46274, at *9 (E.D. La. May. 14, 2009).

The Due Process Clause limits the Court's power to assert personal jurisdiction over a nonresident defendant. *Id*. The "constitutional touchtone for the exercise of personal jurisdiction is whether the defendant purposefully established minimum contacts with the forum state."  *Asahi Metal Indus. Co., Ltd v. Super Ct. of Cal., Solano County*, 480 U.S. 102, 108-09 (1987). Thus, due process will not be

offended if the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction over a nonresident defendant can be general or specific. In order for the Court to exercise specific jurisdiction, the court must examine the relationship among the defendant, the forum and the litigation. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986). This allows the court to determine whether the defendant has purposefully availed himself of the forum state's benefits and protections. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). Conversely, the Court may exercise general jurisdiction over a nonresident defendant on any claim, if the defendant's contacts with the forum state are "continuous and systematic." *Helecopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 413-14 (1984). However, the continuous and systematic test is difficult to meet because it requires that a defendant have extensive contacts between him/her and the forum. *Kenneth W. Andrieu v. Countrywide Home Loans, Inc.*, Et Al., 2006 U.S. Dist. LEXIS 51449, at *9 (E.D. La. Jul. 26, 2006).

In the present case, there is nothing to suggest that Defendants have the type of systematic and continuous contacts with the State of Louisiana necessary to meet the requirements of general personal jurisdiction. Defendants are private citizens of New York who had a previous existing business relationship with Plaintiff's principal, Ned Marshall. (Rec. Doc. No. 15-4 at 4). It is undisputed that but for about the last four years of their twenty year business relationship, Plaintiff's principal, Mr. Marshall was not a Louisiana resident and the ongoing relationship began when the principals for each side were nonresidents of Louisiana. Defendants did not seek out a Louisiana company to perform work on their properties. (Rec. Doc. No. 5-2 at 6). Additionally, Defendants assert that they have never traveled to Louisiana to conduct any business with Plaintiff or any other Louisiana resident. *Id. at 3.* Defendants' assertions are uncontradicted. Therefore, the Court's ability to exercise jurisdiction solely depends on whether the requirements of specific jurisdiction are met.

**Specific Jurisdiction**

The Fifth Circuit has outlined a three-step test for determining whether specific jurisdiction exists: (1) whether the defendant has minimum contacts with the forum

state, purposefully directing his activities toward the forum; (2) whether plaintiff's claim arises out of defendant's forum-related activities; and (3) whether exercising personal jurisdiction would be reasonable and fair. *Burger King Corp.,* 471 U.S. at 474.

In order for the Court to exercise jurisdiction over a nonresident defendant, the Court must analyze whether Defendants have purposefully availed themselves to the privileges of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana laws. *Seatrepid Louisiana*, 2009 U.S. Dist at 12-13. The mere contracting with a resident of the forum state is insufficient to establish minimum contacts such that the forum state may exercise personal jurisdiction over the defendants. *Burger King Corp.,* 471 U.S. at 479. Rather, the Fifth Circuit in regards to contract cases has "looked to the place of contractual performance to determine whether the making of a contract with a resident is purposeful to satisfy minimum contacts." *Seatrepid Louisiana*, 2009 U.S. Dist at 14 (*citing Barnstone v. Cogregation Am. Echad*, 574 F.2d 286, 288 (5th Cir. 1978); *accord St. Martin & Mahoney, APLC v. Diversified Aircraft Holdings*, Ltd., 934 F. Supp. 200, 205 (E.D. La. 1996) (Fallon, J.) ("One of the most pivotal considerations in

determining whether there has been 'purposeful availment' is where the material performance of the contract was centered.").

In this case, all of the material performance was done outside of Louisiana. The alleged oral contract was entered in New York. The performance of the alleged contract was centered in New York. Plaintiff was contractually obligated to provide workers to the two job sites located in New York, and made several trips to New York to satisfy his obligations. (Rec. Doc. No. 15-4 at 3). Defendants' sole obligation was to pay Plaintiff for its services. Accordingly, no part of the contract was performed in Louisiana.

Conversely, Plaintiff contends that work was done both in Louisiana and in New York. Specifically, Plaintiff asserts that the design services were performed in Louisiana; materials were ordered from Louisiana; sub-contractors were coordinated through Louisiana; bills were issued from Louisiana; and only on-site supervision was performed in New York. (Exhibit A to Plaintiff's Opposition, ¶ 14). However, such preparation and coordination done in Louisiana by Plaintiff are "merely incidental" to performance of the New York-centered contract and "resulted only from the coincidence that

[Plaintiff] is now, since 2005, a Louisiana resident." *Brammer Engineering, Inc. v. East Wright Mountain Ltd. Partnership*, 307 Fed. Appx. 845, 848 (5th Cir. 2009)(finding that defendant's did not purposefully avail themselves of the benefits of Louisiana Law where the performance of the contract was centered in another state).

Additionally, the fact that Defendants are parties to an alleged oral contract with Plaintiff, now a Louisiana resident, does not give rise to jurisdiction. The Fifth Circuit has continuously held that personal jurisdiction does not exist if the defendant's contacts result from "the mere fortuity that the plaintiff happens to be a resident of the forum." *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985). The mere factors that Defendants mailed payments to Louisiana, along with the exchange of email correspondence between Defendants and Plaintiff's principal, Ned Marshall, are insufficient to constitute purposeful availment. Such interactions are the type of fortuitous contacts that cannot support personal jurisdiction. This alleged ongoing business relationship initially arose from an oral agreement between nonresident principals/parties to perform ultimate services to properties in New York.

Because Defendants do not have the requisite minimum contacts with Louisiana necessary to support the exercise of jurisdiction over them, the Court need not extensively address the reasonableness and fairness tier of the due process inquiry. We note, however, that it appear from the parties submission that most of material evidence of workmanship, quality performance and breach in general would be found in New York, along with most witnesses.

None of Defendants' contacts with Louisiana can support a finding of purposeful activity invoking the benefits and protections of Louisiana. Additionally, because Defendants' contacts with Louisiana do not rise to the level of specific jurisdiction, no reasonable case can be made that Defendants' contacts can reach the higher threshold of "continuous and systematic" contacts required for general jurisdiction. Furthermore, even if the Court had jurisdiction, venue would be improper.[1]  Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss for

---

[1] *American Bankers Life Assurance Co. of Fla. v. Overton,* 128 Fed.Appx. 399, 403 (5th Cir.2005)(finding that when related cases are pending,the first-to-file rule instructs the court with the later-filed action to transfer it to the first-filed forum).

Lack of Personal Jurisdiction (Rec. Doc. No. 5) is GRANTED.

New Orleans, Louisiana, this 31st day of July, 2009.


                         IVAN L.R. LEMELLE
                    UNITED STATES DISTRICT JUDGE